Filed Via Mail
NOV 14 2022
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION
4 Pages Scanned by RS

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION

In re:                                                          Chapter 13

Stephanie Batten Schreiber                          Case No. 8:22-bk-03452-CPM

_____Debtor._____/

## MOTION TO RE-IMPOSE THE AUTOMATIC STAY

**THIS CASE** came on for hearing on September 12, 2022, for consideration of the Debtor's Emergency Motion to Enforce the Automatic Stay (the "Motion) (Doc. No. 12) and the response thereto (Doc. No. 18) filed by an unknown representative for a claimant calling themselves U.S. Bank National Association, not in its individual Capacity but Solely as Trustee for the RMAC Trust. Series 2016-CTT ("U.S. Bank").

**WHEREAS** it is the burden of the creditor to take action by providing concrete proof of debt before any extraction from the automatic stay can take place, including both an affidavit of injury directly from the injured party (and not a third party representative), as well as proof of standing to make the claim

**WHEREAS** this Court did not require said creditor to provide any concrete proof or affidavit of injury in this case, and in doing so has already decided this action by giving full and complete autonomy to so-called "U.S. Bank" **without said creditor providing any proof of ownership of any debt at all connected to Debtor**, and without providing any verification according to UCC that the debt exists or is even owed by the Debtor. By simply accepting the word of a "foreclosure attorney" or whomever was in attendance at the hearing as a representative for "U.S. Bank," (that Debtor was excluded

from in violation of her Civil Rights), or just reading a letter or motion submitted on their behalf, without said representative providing proof that they have actually been hired directly by or represent "U.S. Bank" in any manner in this matter, and without proof that "U.S. Bank" has any standing or has suffered any concrete injury at all, this Court has become biased in this matter and has already come to a final decision on this case without seeing and hearing all of the facts. There has been no affidavit of injury and therefore can be no claim or any debt without injury. The claim of "U.S. Bank" is sham and frivolous, without merit, and the lien claim and action has been filed purely for harassment.

**WHEREAS** "U.S. Bank" has not proven standing in this action at all, and must, under the law, prove all 3 requirements for STANDING before they are deemed to be a qualified creditor: 1. **Proof** of Injury in Fact – concrete and particularized as well as actual or imminent (not conjectural or hypothetical), 2. A **causal relationship** between the injury and the challenged conduct, meaning the injury can fairly and directly be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court, and 3. A likelihood that the injury will be redressed by a favorable decision, meaning the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative (Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992) (Lujan). The party invoking jurisdiction or a claim ("U.S.Bank") bears the burden of establishing each of these elements

**WHEREAS** the creditor must PROVE beyond a doubt that they are entitled to an injunction from the automatic stay, and "U.S. Bank" has not done that in this case as they

have not provided this court with any Affidavit of Injury or proof of ownership that can be verified by this court

**WHEREAS** the Bankruptcy Court has a responsibility to confirm, without any question of their existence, the debts before the court before any other litigation can be heard.

**DEBTOR** respectfully requests that this court reestablish the automatic stay in this case against "U.S. Bank" until this matter completes its path through the bankruptcy courts and said creditor is able to meet its burden of proof of both standing and injury as required under the law.

Respectfully,

_____
Stephanie B. Schreiber

1116 E. Oakwood Street
Tarpon Springs, FL 34689

TAMPA FL 335
SAINT PETERSBURG FL
12 NOV 2022 PM 6 L



33602-386030

United States Courthouse
801 N. Florida Avenue
Suite 555
Tampa, Florida 33602